## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ASSCON INTERNATIONAL COMPANY LIMITED LLC and BUSERS IMPORTS, LLC, <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No.2:19-cv-151 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW Plaintiffs, Whirlpool Properties, Inc., Whirlpool Corporation and Maytag Properties, LLC (collectively referred to as "Whirlpool") for their Complaint against Asscon International Company Limited LLC ("Asscon International" or "Asscon") and Busers Imports, LLC ("Busers") (collectively, "Defendants"), and state as follows:

## PARTIES

1.      Plaintiff Whirlpool Properties, Inc. is a Michigan corporation having its principal place of business at 500 Renaissance Drive, Suite 101, Saint Joseph, Michigan. Whirlpool Properties, Inc. owns numerous trademarks, including U.S. Trademark Registration Nos. 4,983,312; 1,251,511; 1,670,524; 937,550 and 626,550 ("the Whirlpool Registrations"), and U.S. Trademark Registration Nos. 2,520,284; 2,520,285 and 1,585,507 ("the KitchenAid Registrations").

2.      Plaintiff Whirlpool Corporation is a corporation organized and existing under

the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan. Whirlpool Corporation owns United States Patent Nos. 7,000,894 ("the '894 patent"); 8,356,716 ("the '716 patent"); 8,413,818 ("the '818 patent"); 8,591,736 ("the '736 patent"); 8,845,896 ("the '896 patent"); 9,937,451 ("the '451 patent"); and the 10,010,820 ("the '820 patent").

3.        Plaintiff Maytag Properties, LLC is a limited liability company organized and existing under the laws of the state of Michigan with a principal place of business at 500 Renaissance Drive, Suite 101, Saint Joseph, Michigan. Maytag Properties, LLC owns numerous trademarks, including U.S. Trademark Registration Nos. 5,370,223; 2,638,631; and 4,210,316 ("the Maytag Registrations"), U.S. Trademark Registration No. 1,547,093 and 3,710,972 ("the Jenn-Air Registrations"), and U.S. Trademark Registration No.  3,059,004 and 3,697,563 ("the Amana Registrations").

4.        Plaintiffs Whirlpool Properties, Inc. and Maytag Properties, LLC, own, manage, enforce, license, and maintain intellectual property, including trademarks. Plaintiffs Whirlpool Properties, Inc. and Maytag Properties, LLC license certain trademark rights to Plaintiff Whirlpool Corporation, including the federal trademark registrations at issue in this suit.

5.        Defendant Asscon International is a limited liability company organized under the laws of Hong Kong.  On information and belief, Asscon's current address is Shop 6C L1/F Wah Yiu Ind Ctr 30-32 AU Pui Wan St Fo Tan Hong Kong Hong Kong 999001.  Asscon is the applicant for U.S. Trademark Application Serial Nos. 87/775,602 and 87961280 for "Clatterans."

6.        Defendant Busers Imports is a limited liability company organized under the laws of Pennsylvania.  It has a registered address at 805 Priority Rd, York York, PA 17404 USA.

## JURISDICTION & VENUE

7.      Count I arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically, the Lanham Act, 15 U.S.C. § 1114.  Count II for false designation of origin arises under the Lanham Act, 15 U.S.C. § 1125(a).  Count III for dilution of federally registered trademarks arises under the Lanham Act, 15 U.S.C. § 1125(c).  The jurisdiction of this Court is proper under 15 U.S.C. § 1121 *et seq.* and 28 U.S.C. § 1331, § 1332, and § 1338.

8.      Count IV, for Texas common law trademark infringement and unfair competition is so related to Counts I- III that they form part of the same case or controversy, and thus the jurisdiction of this Court is proper under 28 U.S.C. § 1367.

9.      Counts V-XI arise under the patent laws of the United States, Title 35 United States Code.  The jurisdiction of this Court is proper under 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 1331, § 1332, and § 1338.

10.      Defendant Asscon International is a distributor and seller of water filters for refrigerators.

11.      Defendant Busers Imports is an importer, distributor, and seller of water filters for refrigerators.

12.      Defendants have offered for sale and sold throughout the United States non-genuine Whirlpool replacement water filters that infringe one or more claims of the '894 patent, such as the Clatterans water filters bearing model numbers W10295370A, 46-9930, and EDR1RXD1—all of which are Whirlpool model numbers for the Whirlpool "Filter 1" design—and Clatterans water filters bearing model numbers 4396841 and EDR3RXD1, both of which are Whirlpool model numbers for the Whirlpool "Filter 3" design.

13.      Defendants have offered for sale and sold non-genuine Whirlpool replacement

refrigerator water filters that infringe one or more claims of the '894 patent to residents and citizens of Texas who reside within this district.

14.     Defendants have offered for sale and sold throughout the United States non-genuine Whirlpool replacement water filters that infringe one or more claims of the '716 patent; the '818 patent; the '736 patent; the '896 patent; the '451 patent; and the '820 patent, such as the Clatterans water filters bearing model number W10413645A, which is a Whirlpool model number for the Whirlpool "Filter 2" design.

15.     Defendants have offered for sale and sold non-genuine Whirlpool refrigerator water filters that infringe one or more claims of the '716 patent; the '818 patent; the '736 patent; the '896 patent; the '451 patent; and the '820 patent to residents and citizens of Texas who reside within this district.

16.     Defendants have infringed, and continue to infringe, Whirlpool's federally registered "Whirlpool" and "KitchenAid" trademarks, as well as Whirlpool's rights under the common law, for use on water filters, specifically in Defendants' unauthorized use of Whirlpool's marks in their advertising and promotion of their water filters, leading to the sale and distribution of their water filters to residents and citizens of Texas who reside within this district.

17.     Defendants have infringed, and continue to infringe, Maytag's federally registered "Maytag," "Jenn-Air," and "Amana" trademarks, as well as Maytag's rights under the common law, for use on water filters, specifically in Defendants' unauthorized use of Maytag's marks in their advertising and promotion of their water filters, leading to the sale and distribution of their water filters to residents and citizens of Texas who reside within this district.

18.     Defendants' non-genuine Whirlpool refrigerator water filters that infringe one or more claims of the '894 patent; the '716 patent; the '818 patent; the '736 patent; the '896 patent; the '451 patent; and/or the '820 patent; and/or Whirlpool's federally registered "Whirlpool,"

"Maytag," "Jenn-Air," "Amana," and/or "KitchenAid" trademarks; and/or Whirlpool's rights under the common law, are hereafter referred to as the "accused products" or "Non-Genuine Filters."

19.    The Court has personal jurisdiction over Defendants because they have actively engaged in the advertising for sale, offers for sale, and sales of the accused products in Texas, including the Eastern District of Texas.

20.    Venue is proper as to Defendant Asscon International in this district pursuant to 28 U.S.C. § 1391(c)(3) because as a defendant not resident in the United States, Asscon International may be sued in any judicial district.

21.    Venue is proper as to Defendant Busers Imports in this district on Whirlpool's trademark infringement claims pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.  Busers Imports has sold non-Whirlpool filters that infringe Whirlpool's federally registered trademarks and common law rights to citizens of Texas who reside within this district.

22.    Because this case is not limited to claims for patent infringement, but also includes claims for trademark infringement; false designation of origin; trademark dilution; and unfair competition; this case is not a "civil action for patent infringement" under 28 U.S.C. § 1400(b).  The general venue statute, 28 U.S.C. § 1391, therefore applies to the patent infringement claims. Venue is proper as to Defendant Busers Imports in this district on Whirlpool's patent infringement claims pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.  Busers Imports has sold filters that infringe Whirlpool's patent rights to citizens of Texas who reside within this district.  Alternatively, even if the present case is a "civil action for patent infringement" under 28 U.S.C. § 1400(b), venue is still proper under the doctrine of pendent venue.  *See Andra Group, LP v. BareWeb, Inc.*, No. 4:14-CV-00815,

2018 WL 2848985, at *8 (E.D. Tex. June 11, 2018).

## FACTS AND ALLEGATIONS COMMON TO COUNTS I–XI

23.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

24.     Whirlpool Corporation is a leading global manufacturer and highly regarded appliance company, making and selling many home appliances and accessories including, most notably for the instant matter, refrigerators and related accessories such as refrigerator water filters under the Whirlpool® brand, as well as under the KitchenAid®, Maytag®, Amana®, and Jenn-Air® brands (collectively "the Marks").

25.     As a result of extensive advertising and wide distribution of its products by Whirlpool Corporation and by third party retailers and distributors for home appliances, parts and accessories, each of the Marks is favorably recognized and relied upon by the relevant trade and consuming public as indicating high quality goods originating exclusively from a single source. The Marks are immediately known to consumers nationwide and convey a substantial amount of goodwill.

### The Whirlpool® Brand.

26.     The Whirlpool® brand enjoys a long history of use and a reputation as an indicator of high quality goods. The Whirlpool® mark has been used since at least the early 1900s, and in connection with refrigerators since at least as early as 1955.

27.     Under the Whirlpool® brand, Whirlpool makes and sells (and/or licenses others to make and sell) refrigerators and related accessories bearing the Whirlpool® marks, which are protected under common law, and have also been protected with at least the following federal trademark registrations ("Whirlpool Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| WHIRLPOOL (word mark) | Reg. No. 4,983,312 | Water filtration and purification units and replacement cartridges and filters therefor for refrigerators |
| (design mark) | Reg. No. 1,251,511 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 1,670,524 | Refrigerators and freezers |
| WHIRLPOOL (word mark) | Reg. No. 937,550 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 626,550 | Refrigerators |

28.      Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos.
1,251,511; 1,670,524; 937,550 and 626,550 have become "incontestable," and therefore serve
as conclusive evidence of Whirlpool Properties Inc.'s ownership of the marks and its exclusive
right to use (or license) the marks in connection with the goods listed in the registrations.

**The KitchenAid® Brand.**

29.      The KitchenAid® brand also enjoys an extraordinary reputation and substantial goodwill among consumers. It has been used in connection with various kitchen appliances, including refrigerators, since at least as early as 1969, as shown below in stylized form:

**KitchenAid**

30.      Under the KitchenAid® brand, Whirlpool makes and sells (and/or licenses others to make and sell) refrigerators and related accessories bearing the KitchenAid® marks, which are protected under common law, and have been protected with at least the following federal trademark registrations ("KitchenAid Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| KITCHENAID (word mark) | Reg. No. 2,520,284 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| **KitchenAid** (design mark) | Reg. No. 2,520,285 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| KITCHENAID (word mark) | Reg. No. 1,585,507 | Refrigerators |

31.      Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 2,520,284; 2,520,285 and 1,585,507 have become "incontestable," and therefore serve as conclusive evidence

of Whirlpool Properties Inc.'s ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods listed in the registrations.

**The Maytag® Brand.**

32.    Likewise, the Maytag® brand is widely recognized and enjoys substantial goodwill. The Maytag® brand has been used in connection with various household appliances since 1907.

33.    Under the Maytag® brand, Whirlpool makes and sells (and/or licenses others to make and sell) refrigerators and related accessories bearing the Maytag® mark, which are protected under common law, and have been protected with at least the following federal trademark registrations ("Maytag Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS AND SERVICES |
|---|---|---|
| MAYTAG (word mark) | Reg. No. 5,370,223 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 2,638,631 | Appliance installation, maintenance, and repair services |
| (design mark) | Reg. No. 4,210,316 | Refrigerators |

34.    Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 2,638,631 and 4,210,316 have become "incontestable," and therefore serve as conclusive evidence of Maytag

Properties LLC's ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods and services listed in the registrations.

**The Amana® Brand**.

35.    Similarly, the Amana® brand enjoys a long history of use and a reputation as an indicator of high quality goods.

36.    Under the Amana® brand, Whirlpool makes and sells refrigerators and accessories bearing the Amana® Mark, which have been protected with at least the following federal trademark registrations ("Amana Registrations"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| AMANA (word mark) | Reg. No. 3,059,004 | Refrigerators, freezers and combination refrigerator/freezers |
| AMANA  (word mark) | Reg. No. 3,697,563 | Installation, maintenance and repair of refrigerators, freezers and combination refrigerator/freezers |

37.    Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 3,059,004 and 3,697,563 have become "incontestable," and therefore serve as conclusive evidence of Maytag Properties LLC's ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods and services listed in the registrations.

**The Jenn-Air® Brand.**

38.    The Jenn-Air® brand is also widely recognized and enjoys substantial goodwill.

39.    Under the Jenn-Air® brand, Whirlpool makes and sells refrigerators and accessories bearing the Jenn-Air® Mark, which have been protected with at least the following federal trademark registrations ("Jenn-Air Registration"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|------|-----------------|----------------|
| JENN-AIR  (word mark) | Reg. No. 1,547,093 | Refrigerators and freezers |
| JENN-AIR (word mark) | Reg. No. 3,710,972 | Installation, maintenance and repair of freezers and refrigerators |

40.    Pursuant to 15 U.S.C. §§ 1065 and 1115(b), the Registration Nos. 1,547,093 and 3,710,972 have become "incontestable," and therefore serve as conclusive evidence of Maytag Properties LLC's ownership of the marks and its exclusive right to use (or license) the marks in connection with the goods and services listed in the registrations.

**Defendants' Unlawful Activities**.

41.    Defendants are using the Marks to advertise and promote water filters, without Whirlpool's consent, including offering for sale and/or selling products bearing the Whirlpool®, Maytag®, KitchenAid®, Jenn-Air®, and/or Amana® trademarks in packaging and product labels. Photographs that are true and accurate representations of the accused products sold by Defendants and bearing the Whirlpool®, Maytag®, KitchenAid®, Jenn-Air®, and/or Amana® trademarks are attached hereto as Exhibit A. Defendants' unauthorized use of the Marks is likely to cause confusion, deception, and mistake among consumers and the trade as to the source, approval, or sponsorship of refrigerator water filters offered for sale and sold by Defendants.

**A.    Sponsored online advertisements for the accused products.**

42.    Defendants are using the Marks in sponsored advertisements on the internet, for instance on Google, that misleadingly describe the accused products in a manner that is likely to cause confusion amongst consumers as to the source, affiliation, or sponsorship of the accused products.

43.    By way of non-limiting example, the following sponsored advertisement on Google

misleadingly describes a "3pk Whirlpool W10295370a…"[1] as being offered for sale, as shown here:



44.    The item offered for sale through this sponsored advertisement, however, is not a Whirlpool W10295370a filter.  Instead, it is an advertisement for sale of an accused product—a non-genuine replacement for the Whirlpool "Filter 1" model filter.

---

[1] W10295370a is a Whirlpool model number for the Whirlpool "Filter 1" model filter.

## B.   The Clatterans website: www.clatterans.com.

45.    Defendants intentionally use the Marks in product listings on the Clatterans website, www.clatterans.com, in a manner likely to cause confusion amongst consumers as to the source, affiliation, or sponsorship of the accused products.

46.    For instance, when a consumer clicks on the listing in the advertisement shown above, the consumer is directed to a listing for one of the accused products on www.clatterans.com, as shown here:



47.    As shown above, the product title of this listing is "Whirlpool Refrigerator Water Filter 1 EDR1RXD1 W10295370 & Kenmore 9930 Water Filter, 3-Pack".[2]  Nowhere in the title

_____

[2] EDR1RXD1 and W10295370 are both Whirlpool model numbers for the Whirlpool "Filter 1" model

does it mention the true source of the filters, which is not Whirlpool.  Thus, the product title misleadingly and confusingly suggests that the product being offered for sale is a Whirlpool refrigerator water filter, or suggests or implies affiliation, endorsement and/or sponsorship by Whirlpool when, in fact, the filter is not sourced, affiliated, endorsed or sponsored by Whirlpool.

48.     The likelihood of confusion amongst consumers continues through the point of purchase, at which time Defendants continue to use the Marks in a manner that is misleading and likely to cause confusion as to source, affiliation, endorsement or sponsorship by Whirlpool.

49.     For example, if a consumer selects the item offered for sale at the listing shown above, the item is placed in the consumer's shopping cart.  There, the "Product Name" is still misleading, as it provides the same name as the title set forth above—"Whirlpool Refrigerator Water Filter 1 EDR1RXD1 W10295370 & Kenmore 9930 Water Filter, 3-Pack".

50.     The unauthorized use of the Marks also continues past the point of sale.  When a consumer places an order for the accused products, the consumer receives an "Order Summary" which describes the item purchased, the price paid, the quantity ordered, and the total cost.  The "Order Summary" misleadingly and confusingly describes the accused products as "Whirlpool Refrigerator Water Filter 1 EDR1RXD1 W10295370 & Kenmore 9930 Water Filter, 3-Pack", as shown here:

**Order Summary**

| Item | | Price | Quantity | Total |
|---|---|---|---|---|
| | Whirlpool Refrigerator Water Filter 3 EDR3RXD1 4396710 4396841 & Kenmore 9030 Water Filter, 3-Pack | $54.99 | 1 | $54.99 |
| | Whirlpool Refrigerator Water Filter 1 EDR1RXD1 W10295370 & Kenmore 9930 Water Filter, 3-Pack | $54.99 | 1 | $54.99 |
| | Whirlpool EDR4RXD1 Whirlpool Filter 4 & Maytag UKF8001 Water Filter, 3-Pack | $52.99 | 1 | $52.99 |
| | Whirlpool W10413645A Water Filter 2 & EDR2RXD1 Replacement, 3-Pack | $54.99 | 1 | $54.99 |

filter.  Whirlpool also refers to its filters as "Filter 1", "Filter 2", "Filter 3", etc.  As shown in the listing above, "Filter 1" also appears in the listing title along with the Whirlpool Mark.

51.    Notably, all four items described in the Order Summary shown above follow the same pattern of misleading and unauthorized use of the Marks to describe multiple accused products.  Nowhere in the "Order Summary" does it mention the "Clatterans" brand or the actual source of the filter that the consumer purchased.

52.    The www.clatterans.com website also misleadingly and confusingly describes the accused products in product search pages.  For example, the website contains a dropdown menu under "Refrigerator Water Filters".  The "Refrigerator Water Filters" menu includes several Whirlpool brands, including Whirlpool, KitchenAid, Maytag, Amana, and Jenn-Air.  "Clatterans" is not listed as one of the brands, thereby misleadingly suggesting to consumers that the refrigerator water filters offered for sale are genuine Whirlpool, KitchenAid, Maytag, Amana, and Jenn-Air filters, when in fact, they are not.

53.    By way of example, if a consumer selects the "Whirlpool" brand from the menu, the consumer is taken to a page with 16 results.  Each of the sale listings on this page uses the Marks in a manner which misleadingly suggests to the consumer that it is an offer for sale of a Whirlpool product when, in fact, it is not.  For example:



54.    None of the filters listed on this page, however, are a genuine Whirlpool product. Instead, they are all listings for sale of accused products.

55.    The website also prominently features advertisements that prominently reference Whirlpool's brands in ways which misleadingly suggest or falsely imply that genuine Whirlpool products are being offered for sale when, in fact, they are not:



56.     Further still, when a consumer scrolls to the bottom of the page, the website prominently features an "About Whirlpool" section (shown below) which repeatedly refers to "[o]ur whirlpool refrigerator water filters" in ways which misleadingly suggest or falsely imply that genuine Whirlpool products are being offered for sale when, in fact, they are not:

## About Whirlpool

We Clatterrans are always specialized to serve premium and quality whirlpool water filter for our consumers. Our whirlpool refrigerator water filters using the state of art technology can greatly remove chlorine, lead, mercury, cadmium and thallium that are harmful to our health in the water. The refrigerator water filter works with activated carbon to reduce odor, chlorine taste, dirt, rust, turbidity, heavy metal to deliver wholesome water for your whole family. Meanwhile, it still can keep the original minerals that are beneficial to our body.

For your peace of mind, our whirlpool fridge filters are compatible with many Whirlpool Refrigerator models. The whirlpool water filter replacement we provide here is durable, perfect for positioning to your fridge. No matter what kinds of Whirlpool fridge you are using, you always can find your perfect water filter here! They are all 100% brand new and high quality. Explore your best one and order it now to enjoy a much healthier household drinking water and life from now on.

Every family needs to make contact with kitchen every day whether they need to cook, drink or do other housework. We can not only get delicious food but enhance the relationship with our family members in the kitchen. Therefore, more and more appliances are born along with the users' various needs.

Whirlpool emerges as the times require. Whirlpool is one brand of the Whirlpool Corporation which is one of American multifunctional manufacturer and marketer of home appliances. They sell different kinds of home, kitchen and laundry appliances including refrigeration, ranges, microwaves, dishwashers, washers, dryers that make our daily life easier.

Meanwhile, nowadays almost every family need to use fridge or refrigeration to store food and keep food fresh. Apart from that, we also can drink the water from our refrigeration or fridge. Whether the drinking Water is healthy or not has become a very important concern in our daily life as more and more family begin to care for their health from every aspect. The Whirlpool fridge or refrigerator with exterior ice and water dispenser is manufactured to deliver ice or drink water for our daily life. We can get fresh and filtered water and ice without ever opening the refrigerator door. The filtered and healthy water we drink will totally owe to whirlpool refrigerator water filter.

57.     Despite the repeated references to Whirlpool refrigerator water filters, there is not a single product listing on the entire website where a consumer could purchase a genuine

Whirlpool refrigerator water filter.

###### C.    The accused products' packaging and labeling.

58.    Defendants' unauthorized use of the Marks extends to the packaging and labeling of the accused products.

59.    The packaging prominently features the Marks in a manner likely to cause confusion amongst ordinary consumers as to the source, affiliation, or sponsorship of the accused products.

60.    The labeling, too, prominently features the Marks in a manner likely to cause confusion amongst ordinary consumers as to the source, affiliation, or sponsorship of the accused products.  For example, the accused Clatterans filter which is purportedly a replacement for the Whirlpool "Filter 3" model misleadingly uses the Marks and Whirlpool model numbers as shown here:



61.     Without authorization from Whirlpool, Defendants are using the Marks in U.S. commerce on refrigerator water filters and in connection with the advertising, promotion, sale, and distribution of such water filters to consumers nationwide, including consumers in the Eastern District of Texas.

62.     Defendants' acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, including Whirlpool's rights acquired under common law, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

63.     On information and belief, the water filters that are advertised, promoted, sold, and distributed by Defendants are intended to be, and are in fact, targeted towards a substantial segment of the public that has long been familiar with Whirlpool's appliances and accessories, including replacement refrigerator water filters, offered under the Marks.

64.     Indeed, the water filters sold and distributed by Defendants directly compete with the water filters sold by Whirlpool under the Marks, as illustrated by the use of the Marks in the product listings and descriptions as set forth above.

65.     On information and belief, the Clatterans water filters sold by Defendants are inferior to Whirlpool's water filters in terms of their quality.

66.     Defendants have engaged in the foregoing conduct to trade off of and usurp for themselves the value of the Marks and the goodwill long associated with them, in order to sell the accused products to unsuspecting consumers.

67.     Because Whirlpool has no control over the nature of Defendants' goods, the reputation and goodwill associated with the Marks, including those rights acquired under common law, are jeopardized and damaged by Defendants' conduct and will continue to be jeopardized and damaged for so long as Defendants continue to improperly use the Marks.

68.    To the extent that the quality of the water filters being passed off by Defendants as having originated from Whirlpool are inferior to the quality standards set by Whirlpool, consumers will be damaged in the event such lower quality filters result in poor performance, product breakdowns, and/or property damage.

69.    Defendants' unauthorized use of the Marks is likely to cause instances of actual confusion, to cause mistake, and/or to deceive consumers into believing that the water filters sold by Defendants originated from Whirlpool, or are in some way sponsored by, endorsed by, connected to, or affiliated with Whirlpool or Whirlpool's Whirlpool®, KitchenAid®, Maytag®, Amana®, and Jenn-Air® branded goods.

70.    Defendants' unauthorized and willful advertising, promotion, sales, and/or distribution of water filters bearing the Whirlpool®, KitchenAid®, Maytag®, Amana® and/or Jenn-Air® Marks violates Whirlpool's exclusive right to use those marks for such goods, afforded to Whirlpool by virtue of its federal trademark registrations, as well as Whirlpool's long-established common law rights in those marks based on nationwide sales of goods bearing the marks, including in the Eastern District of Texas.

71.    Defendants' unauthorized and willful deceptive use of the Marks in advertising and promotion of refrigerator water filters that do not originate from Whirlpool violates Whirlpool's exclusive right to use the Marks for water filters afforded to Whirlpool by virtue of its federal trademark registrations, as well as Whirlpool's long-established common law rights in the Marks based on nationwide sales of goods bearing the marks, including in the Eastern District of Texas.

72.    The acts of Defendants complained of herein have irreparably harmed and will continue to irreparably harm Whirlpool.

73.    Defendants' conduct as described herein makes this an exceptional case.

## COUNT I
## TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1114

74.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

75.    Defendants' use of the Marks, without Whirlpool's consent, constitutes infringement of the Whirlpool Registrations, the KitchenAid Registrations, the Maytag Registrations, the Amana Registrations, and the Jenn-Air Registrations in violation of 15 U.S.C. § 1114 in that, among other things, Defendants' unauthorized use of the Marks is likely to cause consumer confusion, deception, and mistake among consumers and the trade as to the affiliation, connection, or association of Defendants and/or the products they sell with Whirlpool, and/or as to the origin, sponsorship, or approval by Whirlpool of the goods advertised, promoted, sold, and distributed by Defendants.

76.    Defendants' acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

77.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

78.    Defendants' use in commerce of the Marks in connection with refrigerator water filters is a false designation of origin and an infringement of Whirlpool's nationwide common law rights in the Marks, because such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and/or the products they sell with Whirlpool, and/or as to the origin, sponsorship or approval by Whirlpool of the goods advertised,

promoted, sold, and distributed by Defendants.

79.    Defendants have used in commerce in connection with the sale of refrigerator water filters false designations of origin and false and misleading descriptions and representations, including the Marks, which tend to falsely describe the origin, sponsorship, association, or approval by Whirlpool of the water filters sold by Defendants.

80.    Defendants' acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

**COUNT III**
**TRADEMARK DILUTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(c)**

81.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

82.    The Marks are inherently distinctive or have acquired distinctiveness.

83.    Based on Plaintiffs' continuous and extensive use of the Marks, the Marks are entitled to be recognized as famous under 15 U.S.C. § 1125(c).

84.    Defendants began using, in commerce, the Marks after the Marks were famous.

85.    Defendants' unauthorized use of the Marks has and will cause dilution of the distinctive quality of the Marks and the goodwill associated with them, in violation of 15 U.S.C. § 1125(c).

86.    On information and belief, Defendants' actions were willful, in that Defendants willfully intended to trade on the reputation and goodwill associated with the Marks or to dilute the Marks.

87.    As a direct and proximate cause of Defendants' infringement and the dilution of the Marks, Whirlpool has suffered, and will continue to suffer, irreparable injury to its business,

reputation, and goodwill.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

88.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

89.     Whirlpool has used, and continues to use, the Marks for refrigerators and refrigerator water filters in commerce within the state of Texas, and has developed substantial consumer recognition for the Marks within the state. This consistent and continuous use of the Marks in commerce resulting in consumer recognition renders the Marks valid and protectable marks entitled to common law rights in the state of Texas.

90.     Defendants' use of the Marks, without Whirlpool's consent, constitutes infringement of Whirlpool's common law trademark rights because, among other things, Defendants' unauthorized use of the Marks in the same geographic area as Whirlpool's use is likely to cause confusion, deception, and mistake among consumers and the trade as to the source, approval, or sponsorship of Defendants' refrigerator water filters.

91.     Defendants' acts have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an adequate remedy at law.

92.     Further, Defendants' acts constitute unfair competition in violation of the common law.

93.     Defendants' acts of unfair competition are intentional and willful.

94.     Defendants' acts of unfair competition have caused, and will continue to cause, damage to Whirlpool and jeopardize the entire goodwill symbolized by the Marks, causing immediate, serious, and irreparable injury to Whirlpool for which Whirlpool does not have an

adequate remedy at law.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,000,894

95.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

96.    On February 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,000,894 ("the '894 patent") entitled "Fluidic Cartridges and End Pieces Thereof." On March 3, 2014, the USPTO issued an ex parte reexamination certificate for the '894 patent. Appended as Exhibit B is a true and correct copy of the '894 patent, inclusive of the ex parte reexamination certificate.

97.    Whirlpool is the owner by assignment of the entire right, title and interest in and to the '894 patent, including the right to sue and recover past, present, and future damages for infringement.

98.    Whirlpool manufactures products that practice the '894 patent, including Whirlpool "Filter 1" and "Filter 3" refrigerator water filters, and marks such products with the '894 patent.

99.    The validity and enforceability of the '894 patent has been recognized and acknowledged in Consent Judgments in the patent infringement cases captioned *Whirlpool Corporation v. Brauchla TV, Inc. d/b/a Brauchla TV & Appliance*, Civil Action No. 2:15-cv-2068 (E.D. Tex. Jan. 27, 2016) (Document 5); *Whirlpool Corporation v. National Trade Supply, LLC*, Civil Action No. 2:15-cv-1701-JRG (E.D. Tex. Jan. 22, 2016) (Document 5); *Whirlpool Corporation v. Zipras, Inc.*, Civil Action No. 2:15-cv-1636-JRG (E.D. Tex. Jan. 8, 2016) (Document 7); *Whirlpool Corporation v. Air 1 Supply, Inc.*, Civil Action No. 2:15-cv-1640-JRG (E.D. Tex. Oct. 30, 2015) (Document 6), *Whirlpool Corporation v. Global Parts Supply, LLC d/b/a Pandora's OEM Appliance Parts*, Civil Action No. 2:15-cv-1563-JRG (E.D. Tex. Oct. 30, 2015) (Document 7); *Whirlpool Corporation v. JJ Wholesale Group Inc. d/b/a Bob's Filters and*

*Joseph Spira*, Civil Action No. 2:15-cv-1565-JRG (E.D. Tex. Nov. 12, 2015) (Document 11);
*Whirlpool Corporation v. Spectacular Products and William Long*, Civil Action No. 2:15-cv-86
consolidated with 2:15-cv-2103 (E.D. Tex. Apr. 6, 2016) (Document 20); *Whirlpool Corporation
v. Dilmen, LLC d/b/a Coral Premium Water Filters and Huseyin Dilmen*, Civil Action No. 2:15-
cv-1722 consolidated with 2:15-cv- 2103 (E.D. Tex. Apr. 6, 2016) (Document 17); *Whirlpool
Corporation v. Radiant Marketing, LLC d/b/a Clear Sip Water Filters*, Civil Action No. 2:15-cv-
2101 consolidated with 2:15-cv-02103-JRG (E.D. Tex. Apr. 14, 2016) (Document 23); *Whirlpool
Corporation v. Purenex, Inc.*, Civil Action No. 2:16-cv-028 consolidated with 2:15-cv-02103-JRG
(E.D. Tex. Apr. 22, 2016) (Document 32); *Whirlpool Corporation v. iSpring Water Systems, LLC
d/b/a 123Filter.com*, Civil Action No. 2:16-cv-107 consolidated with 2:15-cv-02103-JRG (E.D.
Tex. May 6, 2016) (Document 41-2); *Whirlpool Corporation v. Craft Appliances, Inc. and Brian
Craft*, Civil Action No. 2:16- cv-084 consolidated with 2:15-cv-02103-JRG (E.D. Tex. May 17,
2016) (Document 51); *Whirlpool Corporation v. Compatible Parts, LLC*, Civil Action No. 2:16-
cv-445 (E.D. Tex. June 22, 2016) (Document 9); *Whirlpool Corporation v. A&M Distribution,
LLC, Aymeric Monello and Megan Grant,* Civil Action No. 2:16-cv-106 (E.D. Tex. July 20, 2016)
(Document 8); *Whirlpool Corporation v. DG Enterprises, LLC d/b/a Splash Filters,* Civil Action
No. 2:16-cv-109 (E.D. Tex. July 15 2016) (Document 8); *Whirlpool Corporation v. PS Newby,
LLC d/b/a Sylvia Water Purification,* Civil Action No. 2:16- cv-137 consolidated with 2:16-cv-
565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Arclyte Technologies, Inc.,*
Civil Action No. 2:16-cv-138 (E.D. Tex. July 14, 2016) (Document 8); *Whirlpool Corporation v.
Pricebreak, Inc.,* Civil Action No. 2:16-cv-416 consolidated with 2:16-cv-565 (E.D. Tex. July 26,
2016) (Document 7); *Whirlpool Corporation v. iSave.com, Inc.,* Civil Action No. 2:16-cv-418
(E.D. Tex. Aug. 4, 2016) (Document 7); *Whirlpool Corporation v. Crystal Rose Trading, Inc.
d/b/a UltimatePurification USA,* Civil Action No. 2:16-cv-560 (E.D. Tex. Aug. 8, 2016)

(Document 7); *Whirlpool Corporation v. Woodside Distributors, Inc.,* Civil Action No. 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Blue Grizzly Supply, Inc.,* Civil Action No. 2:16-cv-585 consolidated with 2:16-cv-565 (E.D. Tex. Aug. 8, 2016) (Document 10); *Whirlpool Corporation v. Odoga Enterprises,* Civil Action No. 2:16-cv-685 consolidated with 2:16-cv-565 (E.D. Tex. July 26, 2016) (Document 7); *Whirlpool Corporation v. Enow Wholesale, Inc.,* Civil Action No. 2:16- cv-737 (E.D. Tex. Apr. 12, 2017) (Document 24); *Whirlpool Corporation v. Brixton Holdings, LLC,* Civil Action No. 2:16-cv-822 (E.D. Tex. Nov. 4, 2016) (Document 9); *Whirlpool Corporation v. AWP Group, Inc. d/b/a Water Filters Fast,* Civil Action No. 2:16-cv-988 (E.D. Tex. Jan. 31, 2017) (Document 16); *Whirlpool Corporation v. Pavel Water Filtration, Inc. and Henry H. Pavel*, Civil Action No. 2:16-cv-146 consolidated with 2:15-cv-02103 (E.D. Tex. Jan. 27, 2017) (Document 143); and *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd.*, Civil Action No. 2:16-cv-229 consolidated with 2:15-cv-2103 (E.D. Tex. Feb. 27, 2017) (Document 146).

100.    In violation of 35 U.S.C. § 271, Defendants directly infringe one or more claims of the '894 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States infringing filters, including the Clatterans filters which purport to be compatible with or replacements for Whirlpool "Filter 1" and "Filter 3" model filters, which include an end piece for operatively engaging a head assembly, the head assembly comprising one or more valves, for the treatment and control of fluid passing through the head assembly, said end piece comprising (a) an end piece wall; (b) an inlet fitting having a cam surface, said inlet fitting having a longitudinal axis; (c) an outlet fitting; and (d) a protrusion having a longitudinal axis; wherein said inlet fitting, said outlet fitting, and said protrusion extend from said end piece wall. Accordingly, Defendants literally infringe one or more claims of the '894 patent or do so under the doctrine of equivalents.

101.    In addition, Defendants directly infringe at least claim 4 by making, using, selling and/or offering to sell in the United States or importing into the United States infringing filters, including the accused products which purport to be compatible with or replacements for Whirlpool "Filter 1" and "Filter 3" model filters, which include a cartridge for operatively engaging a head assembly, the head assembly comprising one or more valves, for the treatment and control of fluid passing through the head assembly, said cartridge comprising (a) an end piece wall; (b) an inlet fitting having a cam surface, said inlet fitting having a longitudinal axis; (c) an outlet fitting having a cam surface, said outlet fitting having a longitudinal axis; and (d) a protrusion having a longitudinal axis and positioned between said inlet fitting and said outlet fitting; wherein said inlet fitting, said outlet fitting, and said protrusion extend from said end piece wall; and a cartridge housing having a first end, a closed second end, and a longitudinal axis extending there between; wherein said end piece wall is connected to said first end of said cartridge housing, and wherein a portion of said cam surface of said inlet fitting is vectored from at least one of said longitudinal axis of said outlet fitting, and said longitudinal axis of said cartridge housing, and wherein a portion of said cam surface of said outlet fitting is vectored from at least one of said longitudinal axis of said outlet fitting, and said longitudinal axis of said cartridge housing. Accordingly, Defendants literally infringe one or more claims of the '894 patent or do so under the doctrine of equivalents.

102.    Defendants will continue to infringe one or more claims of the '894 patent unless enjoined by this Court. As a direct and proximate result of Defendants' direct infringement of the '894 patent, Whirlpool has been and continues to be damaged.

103.    Defendants indirectly infringe through induced and/or contributory infringement, the '894 patent. On information and belief, Defendants had prior knowledge of the '894 patent, such as through Whirlpool's marking of Filter 1 and 3 products.

104.    Despite Defendants having notice of the '894 patent, Defendants continue to make,

use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendants' customers to infringe the '894 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters. Through such activities, Defendants specifically intend that their customers directly infringe the '894 patent.

105.    On information and belief, Defendants are contributorily infringing and will continue to contributorily infringe one or more claims of the '894 patent for the following reasons. On information and belief, Defendants had prior knowledge of the '894 patent, for instance, due to Whirlpool's marking of Filter 1 and 3 products and Defendants' procurement of the infringing products. Defendants provide to customers, the direct infringers, the replacement filters, such as the Clatterans filters bearing Model Nos. W10295370A and 4396841, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies. These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

106.    On information and belief, Defendants' infringement occurred with knowledge of the '894 patent and thus has been and will continue to be willful and deliberate. Whirlpool Filter 1 and 3 products have been marked to give competitors notice of the '894 patent. On information and belief, Defendants sought to copy Whirlpool's patented Filter 1 and 3 designs. Defendants' egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 8,356,716

107.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

108.    On January 22, 2013, the USPTO duly and legally issued United States Patent No. 8,356,716 ("the '716 patent") entitled "Filter Unit."  Appended as Exhibit C is a true and correct copy of the '716 patent.

109.    Whirlpool is the owner of the entire right, title and interest in and to the '716 patent, including the right to sue and recover past, present, and future damages for infringement.

110.    Whirlpool manufactures products that practice the '716 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '716 patent.

111.    The validity and enforceability of the '716 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd. a/k/a Yunda Industry & Trade Co. d/b/a Yunda Filter Co., and Wayne Wei and Rose Lu*, Civil Action No. 2:16-cv-229 (E.D. Tex.Feb. 17, 2017) (Document 146); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters, and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 (E.D. Tex. Apr. 6, 2016) (Document 18); *Whirlpool Corporation v. Ahmet Matt Ozcan d/b/a Discountfilter*, Civil Action No. 2:15-cv-2103 (E.D. Tex. Oct. 25, 2016) (Document 109); *Whirlpool Corporation v. Craft Appliances, Inc. et al.*, Civil Action No. 2:16-cv-084 (E.D. Tex. May 15, 2016) (Document 615).

112.    In violation of 35 U.S.C. § 271, Defendants directly infringe one or more claims of the '716 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States their infringing filters, including but not limited to the Clatterans Model No. W10413645A filters, which include a substantially cylindrical body portion having a proximal end and a distal end; first and second engagement surfaces that traverse at least a part of the body portion where the first and second engagement surfaces include a first segment that extends substantially parallel with the longitudinal extent of the body portion, a second segment that extends at an acute angle relative to

the first segment, and a third segment that extends in a direction different than the first and second segments; a laterally extending key member disposed on the body portion; an engagement protrusion extending from the proximal end of the body portion and having a sidewall with a water inlet and a concave engagement wall with a water outlet, wherein a periphery of the engagement wall includes a first portion having a first radius of curvature and a second portion having a second radius of curvature that is larger than the first radius of curvature; and first and second seals disposed about the sidewall, wherein the water inlet is disposed between the first and second seals. Accordingly, Defendants literally infringe one or more claims of the '716 patent or do so under the doctrine of equivalents.

113.    Defendants will continue to infringe one or more claims of the '716 patent unless enjoined by this Court.  As a direct and proximate result of Defendants' direct infringement of the '716 patent, Whirlpool has been and continues to be damaged.

114.    Defendants indirectly infringe, through induced and/or contributory infringement, the '716 patent.  Defendants had prior knowledge of the '716 patent, such as through Whirlpool's marking of Filter 2 products and Defendants' procurement of their infringing Clatterans Model No. W10413645A refrigerator filters.

115.    Defendants indirectly infringe through induced and/or contributory infringement, the '716 patent.  On information and belief, Defendants had prior knowledge of the '716 patent, such as through Whirlpool's marking of the Filter 2 product and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

116.    Despite Defendants having notice of the '716 patent, Defendants continue to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendants' customers to infringe one or more claims of the '716 patent, including advertising

their infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendants specifically intend that their customers directly infringe one or more claims of the '716 patent.

117.    On information and belief, Defendants are contributorily infringing and will continue to contributorily infringe one or more claims of the '716 patent for the following reasons. Defendants provide to their customers, the direct infringers, the replacement filters, such as the Clatterans Model No. W10413645A filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

118.    Defendants' infringement occurred with knowledge of the '716 patent and thus has been and will continue to be willful and deliberate.

119.    On information and belief, Defendants sought to copy Whirlpool's patented Filter 2 design.  Defendants' egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 8,413,818

120.    Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

121.    On April 9, 2013, the USPTO duly and legally issued United States Patent No. 8,413,818 ("the '818 patent") entitled "Filter Unit."  Appended as Exhibit D is a true and correct copy of the '818 patent.

122.    Whirlpool is the owner of the entire right, title and interest in and to the '818 patent, including the right to sue and recover past, present, and future damages for infringement.

123.    Whirlpool manufactures products that practice the '818 patent, including Whirlpool

"Filter 2" refrigerator water filters, and marks such products with the '818 patent.

124.    The validity and enforceability of the '818 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd. a/k/a Yunda Industry & Trade Co. d/b/a Yunda Filter Co., and Wayne Wei and Rose Lu*, Civil Action No. 2:16-cv-229 (E.D. Tex.Feb. 17, 2017) (Document 146); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters, and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 (E.D. Tex. Apr. 6, 2016) (Document 18); *Whirlpool Corporation v. Craft Appliances, Inc. et al.*, Civil Action No. 2:16-cv-084 (E.D. Tex. May 15, 2016) (Document 615).

125.    In violation of 35 U.S.C. § 271, Defendants directly infringe one or more claims of the '818 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States their infringing filters, including but not limited to the Clatterans Model No. W10413645A filters, which include a substantially cylindrical body portion having a proximal end and a distal end; a first and second recessed engagement surfaces traversing at least part of the body portion, wherein the first and second recessed engagement surfaces includes a first segment that extends substantially parallel with the longitudinal extent of the body portion, a second segment that extends at an angle between 50 degrees and 60 degrees from the direction of the first segment, and a third segment that extends substantially orthogonal to the first segment; a laterally extending key member disposed on the body portion between the first and second recessed engagement surface and the second recessed engagement surface; an engagement protrusion extending from the proximal end and having a sidewall with a water inlet and a concave engagement wall with a water outlet, wherein the engagement wall includes a first portion that angles inward to the water outlet at a first angle and a second portion that angles inward to the water outlet at a second angle different than the first

angle, and wherein a periphery of the engagement wall at the first portion includes a first radius of curvature and the periphery of the engagement wall at the second portion includes a second radius of curvature that is larger than the first radius of curvature; and first and second seals disposed about the sidewall, wherein the water inlet is disposed between the first and second seals. Accordingly, Defendants literally infringe one or more claims of the '818 patent or do so under the doctrine of equivalents.

126.     Defendants will continue to infringe one or more claims of the '818 patent unless enjoined by this Court.  As a direct and proximate result of Defendants' direct infringement of the '818 patent, Whirlpool has been and continues to be damaged.

127.     Defendants indirectly infringe, through induced and/or contributory infringement, the '818 patent.  Defendants had prior knowledge of the '818 patent, such as through Whirlpool's marking of Filter 2 products and Defendants' procurement of their infringing Clatterans Model No. W10413645A refrigerator filters.

128.     Defendants indirectly infringe through induced and/or contributory infringement, the '818 patent.  On information and belief, Defendants had prior knowledge of the '818 patent, such as through Whirlpool's marking of the Filter 2 product and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

129.     Despite Defendants having notice of the '818 patent, Defendants continue to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendants' customers to infringe one or more claims of the '818 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendants specifically intend that their customers directly infringe one or more claims of the '818 patent.

130.     On information and belief, Defendants are contributorily infringing and will continue to contributorily infringe one or more claims of the '818 patent for the following reasons. Defendants provide to their customers, the direct infringers, the replacement filters, such as the Clatterans Model No. W10413645A filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

131.     Defendants' infringement occurred with knowledge of the '818 patent and thus has been and will continue to be willful and deliberate.

132.     On information and belief, Defendants sought to copy Whirlpool's patented Filter 2 design.  Defendants' egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 8,591,736

133.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

134.     On November 26, 2013, the USPTO duly and legally issued United States Patent No. 8,591,736 ("the '736 patent") entitled "Water Filter Unit."  Appended as Exhibit E is a true and correct copy of the '736 patent.

135.     Whirlpool is the owner of the entire right, title and interest in and to the '736 patent, including the right to sue and recover past, present, and future damages for infringement.

136.     Whirlpool manufactures products that practice the '736 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '736 patent.

137.     The validity and enforceability of the '736 patent has been recognized and acknowledged in Final Judgments in the patent infringement cases captioned *Whirlpool*

*Corporation v. Tianjin Jinghai Yunda Industry and Trade Co., Ltd. a/k/a Yunda Industry & Trade Co. d/b/a Yunda Filter Co., and Wayne Wei and Rose Lu*, Civil Action No. 2:16-cv-229 (E.D. Tex.Feb. 17, 2017) (Document 146); *Whirlpool Corporation v. Dilmen, LLC d/b/a Coral Premium Water Filters, and Huseyin Dilmen*, Civil Action No. 2:15-cv-2056 (E.D. Tex. Apr. 6, 2016) (Document 18); *Whirlpool Corporation v. Ahmet Matt Ozcan d/b/a Discountfilter*, Civil Action No. 2:15-cv-2103 (E.D. Tex. Oct. 25, 2016) (Document 109); *Whirlpool Corporation v. Craft Appliances, Inc. et al.*, Civil Action No. 2:16-cv-084 (E.D. Tex. May 15, 2016) (Document 615).

138.    In violation of 35 U.S.C. § 271, Defendants directly infringe one or more claims of the '736 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States their infringing filters, including but not limited to Clatterans Model No. W10413645A filters, which include a body portion having a proximal end and a distal end; and an engagement protrusion extending from the proximal end of the body portion, the engagement protrusion having a cross-section with only one axis of symmetry such that a cross-section of the engagement protrusion has a generally egg-shaped configuration, and a laterally extending key member disposed on the body portion. Accordingly, Defendants literally infringe one or more claims of the '736 patent or do so under the doctrine of equivalents.

139.    Defendants will continue to infringe one or more claims of the '736 patent unless enjoined by this Court.  As a direct and proximate result of Defendants' direct infringement of the '736 patent, Whirlpool has been and continues to be damaged.

140.    Defendants indirectly infringe, through induced and/or contributory infringement, the '736 patent.  On information and belief, Defendants had prior knowledge of the '736 patent, such as through Whirlpool's marking of the Filter 2 product and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

141.    Despite Defendants having notice of the '736 patent, Defendants continue to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendants' customers to infringe one or more claims of the '736 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendants specifically intend that their customers directly infringe one or more claims of the '736 patent.

142.    On information and belief, Defendants are contributorily infringing and will continue to contributorily infringe one or more claims of the '736 patent for the following reasons. Defendants provide to their customers, the direct infringers, the replacement filters, such as the Clatterans Model No. W10413645A filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

143.    On information and belief, Defendants had actual and/or constructive notice of the '736 patent.

144.    On information and belief, Defendants' infringement occurred with knowledge of the '736 patent and thus has been and will continue to be willful and deliberate.

145.    On information and belief, Defendants sought to copy Whirlpool's patented Filter 2 design.  Defendants' egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT IX**
**INFRINGEMENT OF U.S. PATENT NO. 8,845,896**

146.    Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

147.    On September 30, 3014, the USPTO duly and legally issued United States Patent No. 8,845,896 ("the '896 patent") entitled "Filter Unit."  Appended as Exhibit F is a true and correct copy of the '896 patent.

148.    Whirlpool is the owner of the entire right, title and interest in and to the '896 patent, including the right to sue and recover past, present, and future damages for infringement.

149.    Whirlpool manufactures products that practice the '896 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '896 patent.

150.    In violation of 35 U.S.C. § 271, Defendants directly infringe one or more claims of the '896 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States their infringing filters, including but not limited to Clatterans Model No. W10413645A filters, which include a filter unit with a body portion adapted for engagement with a filter head assembly; an engagement protrusion extending from the body portion, wherein the engagement protrusion has a cross-section with only one axis of symmetry; a side aperture disposed on the engagement protrusion; an end aperture disposed on the engagement protrusion; a curve engagement surface disposed on the engagement protrusion proximate the end aperture; and at least one seal disposed on the engagement protrusion, wherein a cross-section taken perpendicular to the longitudinal extent of the engagement protrusion, taken at the seal, has only one axis of symmetry.  Accordingly, Defendants literally infringe one or more claims of the '896 patent or do so under the doctrine of equivalents.

151.    Defendants will continue to infringe one or more claims of the '896 patent unless enjoined by this Court.  As a direct and proximate result of Defendants' direct infringement of the '896 patent, Whirlpool has been and continues to be damaged.

152.    Defendants indirectly infringe, through induced and/or contributory infringement, the '896 patent.  Defendants had prior knowledge of the '896 patent, such as through Whirlpool's

marking of Filter 2 products and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

153. Defendants indirectly infringe through induced and/or contributory infringement, the '896 patent. On information and belief, Defendants had prior knowledge of the '896 patent, such as through Whirlpool's marking of the Filter 2 product and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

154. Despite Defendants having notice of the '896 patent, Defendants continue to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendants' customers to infringe one or more claims of the '896 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters. Through such activities, Defendants specifically intend that their customers directly infringe one or more claims of the '896 patent.

155. On information and belief, Defendants are contributorily infringing and will continue to contributorily infringe one or more claims of the '896 patent for the following reasons. Defendants provide to their customers, the direct infringers, the replacement filters, such as the Clatterans Model No. W10413645A filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies. These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

156. Defendants' infringement occurred with knowledge of the '896 patent and thus has been and will continue to be willful and deliberate.

157. On information and belief, Defendants sought to copy Whirlpool's patented Filter 2 design. Defendants' egregious conduct constitutes willful and deliberate infringement, which

entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. 9,937,451

158.    Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

159.    On April 10, 2018, the USPTO duly and legally issued United States Patent No. 9,937,451 ("the '451 patent") entitled "Filter Unit."  Appended as Exhibit G is a true and correct copy of the '451 patent.

160.    Whirlpool is the owner of the entire right, title and interest in and to the '451 patent, including the right to sue and recover past, present, and future damages for infringement.

161.    Whirlpool manufactures products that practice the '451 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '451 patent.

162.    In violation of 35 U.S.C. § 271, Defendants directly infringe one or more claims of the '451 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States their infringing filters, including but not limited to Clatterans Model No. W10413645A filters, which include an engagement protrusion extending from a proximal body portion wherein the engagement protrusion is configured for selective rotational engagement in a complementary receiver in a filter head assembly, wherein the selective rotational engagement of the engagement protrusion with the complementary receiver places the filter head assembly in selective communication with an interior of the proximal body portion; at least one engagement surface traversing around at least part of the proximal body portion at an angle, the at least one engagement surface configured to cooperate with the complementary receiver in the filter head assembly to define the selective rotational engagement; and at least one seal member disposed on a sidewall of the engagement protrusion, wherein a cross section of the at least one seal member taken at an angle perpendicular

39

to a longitudinal axis of the engagement protrusion and through the sidewall at the at least one seal member includes only one axis of symmetry.  Accordingly, Defendants literally infringe one or more claims of the '451 patent or do so under the doctrine of equivalents.

163.    Defendants will continue to infringe one or more claims of the '451 patent unless enjoined by this Court.  As a direct and proximate result of Defendants' direct infringement of the '451 patent, Whirlpool has been and continues to be damaged.

164.    Defendants indirectly infringe, through induced and/or contributory infringement, the '451 patent.  On information and belief, Defendants had prior knowledge of the '451 patent, such as through Whirlpool's marking of the Filter 2 product and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

165.    Despite Defendants having notice of the '451 patent, Defendants continue to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendants' customers to infringe one or more claims of the '451 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters.  Through such activities, Defendants specifically intend that their customers directly infringe one or more claims of the '451 patent.

166.    On information and belief, Defendants are contributorily infringing and will continue to contributorily infringe one or more claims of the '451 patent for the following reasons. Defendants provide to their customers, the direct infringers, the replacement filters, such as the Clatterans Model No. W10413645A filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

167.    On information and belief, Defendants had actual and/or constructive notice of the '451 patent.

168.    Defendants' infringement occurred with knowledge of the '451 patent and thus has been and will continue to be willful and deliberate.

169.    On information and belief, Defendants sought to copy Whirlpool's patented Filter 2 design.  Defendants' egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

**COUNT XI**
**INFRINGEMENT OF U.S. PATENT NO. 10,101,820**

170.    Whirlpool repeats and re-alleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

171.    On July 3, 2018, the USPTO duly and legally issued United States Patent No. 10,010,820 ("the '820 patent") entitled "Filter Unit."  Appended as Exhibit H is a true and correct copy of the '820 patent.

172.    Whirlpool is the owner of the entire right, title and interest in and to the '820 patent, including the right to sue and recover past, present, and future damages for infringement.

173.    Whirlpool manufactures products that practice the '820 patent, including Whirlpool "Filter 2" refrigerator water filters, and marks such products with the '820 patent.

174.    In violation of 35 U.S.C. § 271, Defendants directly infringe one or more claims of the '820 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States their infringing filters, including but not limited to Clatterans Model No. W10413645A filters, which include a filter unit comprising a filtering media; a body portion; an engagement protrusion extending from the body portion and comprising a containment seal, wherein at least one cross section of the engagement protrusion at a location of the containment seal, taken perpendicular to a central longitudinal axis

41

of the body portion, includes an egg-shaped outer perimeter having a single axis of symmetry, and wherein the containment seal acts as a barrier that prevents filtered water from leaking around the body portion during use; at least one engagement surface traversing around at least part of the body portion, the at least one engagement surface having a linear movement section for linear movement of the body portion, wherein the rotational movement section is angled from the linear movement section; and a water inlet path and a water outlet path extending through a portion of the engagement protrusion defined by the at least one cross section.  Accordingly, Defendants literally infringe one or more claims of the '820 patent or do so under the doctrine of equivalents.

175.    Defendants will continue to infringe one or more claims of the '820 patent unless enjoined by this Court.  As a direct and proximate result of Defendants' direct infringement of the '820 patent, Whirlpool has been and continues to be damaged.

176.    Defendants indirectly infringe, through induced and/or contributory infringement, the '820 patent.  Defendants had prior knowledge of the '820 patent, such as through Whirlpool's marking of Filter 2 products and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

177.    Defendants indirectly infringe through induced and/or contributory infringement, the '820 patent.  On information and belief, Defendants had prior knowledge of the '820 patent, such as through Whirlpool's marking of the Filter 2 product and Defendants' procurement of the infringing Clatterans Model No. W10413645A refrigerator filters.

178.    Despite Defendants having notice of the '820 patent, Defendants continue to make, use, sell and/or offer to sell and provide installation, operational support, and instructions for infringing filters, including with the knowledge or willful blindness that their conduct will induce Defendants' customers to infringe one or more claims of the '820 patent, including advertising their infringing filters as compatible with or replacements for Whirlpool filters.  Through such

activities, Defendants specifically intend that their customers directly infringe one or more claims of the '820 patent.

179.    On information and belief, Defendants are contributorily infringing and will continue to contributorily infringe one or more claims of the '820 patent for the following reasons. Defendants provide to their customers, the direct infringers, the replacement filters, such as the Clatterans Model No. W10413645A filters, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies.  These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

180.    Defendants' infringement occurred with knowledge of the '820 patent and thus has been and will continue to be willful and deliberate.

181.    On information and belief, Defendants sought to copy Whirlpool's patented Filter 2 design.  Defendants' egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Whirlpool prays for a judgment against Defendants as follows:

A.    That the Court enter a preliminary and permanent injunction immediately restraining Defendants, their officers, agents, servants, employees, licensees, attorneys and all other persons in active concert or participation with them from:

(1)    manufacturing, having manufactured, advertising, promoting, offering for sale, selling, importing, exporting, or distributing water filter cartridges, or any products related thereto, bearing the marks "Whirlpool," "KitchenAid," "Maytag," "Amana" and/or "Jenn-Air" or anything confusingly similar thereto;

      (2)     using "Whirlpool," "KitchenAid," "Maytag," "Amana" and/or "Jenn-Air" or any other mark confusingly similar thereto in any manner likely to confuse or deceive consumers in connection with the advertising, promotion, sale, or distribution of refrigerator water filters, or any products related thereto;

      (3)     engaging in any other act that is likely to cause the mistaken belief that goods sold by Defendants originate from or are in any way sponsored by, endorsed by, connected to, associated with, or affiliated with Whirlpool; and from

      (4)     otherwise competing unfairly with Whirlpool in any manner.

B.     For an order directing Defendants to file with the Court and serve upon Whirlpool within thirty (30) days after service of the injunction on Defendants, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

C.     That pursuant to 15 U.S.C. § 1117, the Court direct payment by Defendants to Whirlpool for damages suffered by Whirlpool by virtue of Defendants' acts pleaded herein, trebled; all profits that Defendants have derived from using the Marks and their acts of unfair competition; and costs of the action;

D.     That the Court award costs and attorneys' fees, and prejudgment interest to the fullest extent provided for by 15 U.S.C. § 1117 and/or the laws of the State of Texas;

E.     That the Court award corrective advertising in a monetary amount to rectify and dispel the confusion caused by Defendants;

F.     That the Court enter a preliminary and permanent injunction preventing

Defendants and their respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the '894 patent, '716 patent, the '818 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent;

G.      That the Court award damages for the willful and deliberate infringement of the '894 patent, '716 patent, the '818 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent to which Whirlpool is entitled, including enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285;

H.      That the Court enter a judgment that the '894 patent, '716 patent, the '818 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patent are not invalid;

I.      That the Court enter a judgment that the '894 patent, '716 patent, the '818 patent, the '736 patent, the '896 patent, the '451 patent, and the '820 patents are enforceable;

J.      That the Court award punitive damages to the fullest extent available under common law;

K.      That the Court award interest on the damages; and

L.      For any and all such other relief as this Court may deem appropriate.

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury on all issues appropriately triable by a jury.                                                          *[Signature page attached]*

45

Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

Jeffrey D. Harty (IA AT0003357)
(Admitted Eastern District of Texas)
Allison E. Kerndt (IA AT0002923)
(Admitted in the Eastern District of Texas)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile:  (515) 283-3108
Email:   jharty@nyemaster.com
Email    akerndt@nyemaster.com

***Attorneys for Plaintiffs***
**WHIRLPOOL PROPERTIES, INC.,**
**WHIRLPOOL CORPORATION, AND**
**MAYTAG PROPERTIES, LLC**

33