**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WHIRLPOOL PROPERTIES, INC., | § | |
| WHIRLPOOL CORPORATION, | § | |
| MAYTAG PROPERTIES, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| ASSCON INTERNATIONAL COMPANY | § | **CIVIL ACTION NO. 2:20-CV-00042-JRG** |
| LIMITED LLC | § | |
| | § | |
| CSWY INTERNATIONAL LIMITED | § | **CIVIL ACTION NO. 2:20-CV-00043-JRG** |
| | § | |
| *Defendants*. | § | |

**ORDER GRANTING WHIRLPOOL PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs Whirlpool Properties, Inc., Whirlpool Corporation, and Maytag Properties, LLC (collectively, "Whirlpool") have moved for a default judgment and permanent injunction. Whirlpool alleges that Defendants Asscon International Company Limited LLC ("Asscon") and CSWY International Limited ("CSWY") (together, "Defendants") are offering to sell, selling, and importing refrigerator water filters into the United States which infringe Whirlpool's U.S. Patent Nos. 7,000,894; 8,356,716; 8,413,818; 8,591,736; 8,845,896; 9,937,451; and 10,010,820 (collectively, "the Patents"), and are infringing and diluting Whirlpool's trademark rights in deceptively and misleadingly using the marks Whirlpool®, KitchenAid®, Maytag®, Amana®, and Jenn-Air® (collectively, "the Whirlpool Marks") in their efforts to sell refrigerator water filters. Whirlpool alleges that it will be irreparably harmed if the Court does not provide permanent injunctive relief to stop Defendants' infringing activities.

1

**FINDINGS AND CONCLUSIONS**

The Court makes the following findings and conclusions:

1.      This Court has jurisdiction over this matter pursuant to 35 U.S.C. §§ 1331, 1338, and 1367.

2.      This Court has personal jurisdiction over Defendants, as their domestic shipping agents have shipped thousands of the accused products in this matter to consumers in the State of Texas, including to consumers in the Eastern District of Texas.  In addition, this Court is the proper venue for this action.

3.      Defendants have been properly served with the summons and operative complaint, and have failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure.

4.       A Clerk's Entry of Default was entered against Defendant Asscon on February 13, 2020 in Case No. 2:19-cv-151-JRG. (Docket No. 74). A Clerk's Entry of Default was entered against Defendant CSWY on March 18, 2020 in Case No. 2:19-cv-00151-JRG. (Docket No. 85).

5.      The grounds for default against Defendants have been clearly established, there is no evidence that Defendants' default was caused by good faith mistake or excusable neglect, and there has been no showing of substantial prejudice or undue harshness that will result from the entry of a default judgment. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Accordingly, upon weighing the relevant factors for consideration, a default judgment is appropriate against Defendants.

**A.        Facts Common to all Claims.**

6.      Defendants are limited liability companies organized under the laws of Hong Kong, with no known presence in the United States.

2

7.      Defendants offer for sale, and sell refrigerator water filters to consumers in the United States through their website located at www.clatterans.com, including Clatterans filter models CL-RF05, CL-Z005, and CL-RF27 (hereinafter "the Accused Products"), as shown in Exhibit A hereto.

8.      Defendants distribute the Accused Products to consumers in the United States by shipping the Accused Products to domestic shipping agents, who fulfill sales orders for Defendants by warehousing and shipping the Accused Products to consumers.

### B.            Patent Infringement Claims (Counts V through XI).

9.      Whirlpool alleges that the Patents are valid and enforceable, and that Defendants' offer for sale, sale, distribution, and importation of refrigerator water filters into the United States has infringed and continues to infringe the Patents in violation of 35 U.S.C. § 271.

10.      Specifically, Whirlpool alleges that Defendants' offer for sale, sale, distribution, and importation of Clatterans filter models CL-RF05 and CL-RF27 literally infringes at least claims 1 and 4 of U.S. Patent No. 7,000,894 ("the '894 patent"), and that Defendants' infringement of the '894 patent was willful.

11.      Whirlpool further alleges that Defendants' offer for sale, sale, distribution, and importation of Clatterans filter model CL-Z005 literally infringes at least claim 1 of U.S. Patent Nos. 8,356,716 ("the '716 patent"); 8,413,818 ("the '818 patent"); 8,591,736 ("the '736 patent"); 8,845,896 ("the '896 patent"); 9,937,451 ("the '451 patent"); and 10,010,820 ("the '820 patent"), and that Defendants' infringement of the '716 patent, '818 patent, '736 patent, '896 patent, '451 patent, and '820 patent was willful.

12.       Further, Whirlpool has provided a supporting declaration from Dr. Joseph Beaman in support of its allegations of infringement relating to the '894 patent, '716 patent, '736 patent,

and '451 patent.

13.     Having failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure, this Court accepts Whirlpool's allegations relating to Defendants' infringement of the Patents as true. *Eisenhour v. Stafford*, 2013 WL 6212725, No. 9:12-CV-62, at *2 (E.D. Tex. Nov. 26, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)). *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

14.     Defendants' offer for sale, sale, distribution, and importation of Clatterans filter models CL-RF05 and CL-RF27 literally infringes at least claim 1 of U.S. Patent No. 7,000,894 ("the '894 patent").

15.     Defendants' offer for sale, sale, distribution, and importation of Clatterans filter models CL-RF05 and CL-RF27 literally infringes at least claim 1 of the '716 patent, '818 patent, '736 patent, '896 patent, '451 patent, and '820 patent.

16.     Defendants' infringement of the Patents was willful.

17.     Defendants have sold and distributed at least 49,687 units of the Accused Products to consumers in the United States, and Defendants' offer for sale, sale, and distribution of the Accused Products is ongoing.

18.     Whirlpool has presented sufficient evidence that a reasonable royalty adequate to compensate Whirlpool for Defendants' infringement of the Patents is $18.51 per infringing unit sold and distributed to consumers in the United States.

19.     Whirlpool has presented sufficient evidence to establish that this is an exceptional case for which an award of Whirlpool's reasonable attorney fees is appropriate pursuant to 35 U.S.C. § 284.

20.     In further support of its request for attorney's fees, Whirlpool has submitted the declaration of Attorney Jeffrey D. Harty and an itemization of fees. Having considered the declaration of Mr. Harty and accompanying itemization of fees, the Court hereby orders that Plaintiffs recover from Defendants the amount of $156,072.50 in attorney's fees.

21.     An award of costs in favor of Whirlpool is also appropriate under Rule 54(d)(1). The Clerk of Court shall tax costs after the Court's entry of final judgment and Whirlpool's submission of a bill of costs.

22.     Whirlpool also requests that this Court enter an order permanently enjoining Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) from infringing, directly or indirectly, claims 1 and 4 of the '894 patent, and claim 1 of the '716 patent, '818 patent, '736 patent, '896 patent, '451 patent, and '820 patent, by making, using, offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of the Accused Products or any replacement water filters that are not more than colorably different therefrom.

23.     Whirlpool has presented sufficient evidence to establish that it has suffered an irreparable injury as a result of Defendants' infringement of the Patents, that remedies available at law, such as monetary damages, are inadequate to compensate for its injury, that the balance of hardships between the parties favors a remedy in equity, and that the public interest would not be disserved by a permanent injunction.

24.     Absent a permanent injunction, Defendants' offer for sale, sale, distribution, and importation, and shipment of the Accused Products will result in immediate and irreparable injury to Whirlpool in the form of continued loss of market share, the loss of Whirlpool's exclusive patent

rights, and harm to Whirlpool's goodwill and reputation for providing premium products. Furthermore, because Defendants are foreign companies with no apparent domestic presence, it may be difficult or impossible for Whirlpool to collect a monetary judgment against Defendants.

26. Further, Whirlpool has presented sufficient evidence to establish that absent the entry of a permanent injunction, Defendants will continue to offer to sale, sell, distribute, and import the Accused Products into the United States.

### C.        Trademark Claims (Counts I through IV).

26. Whirlpool manufactures and sells its filters under several well-known, famous brands, including the Whirlpool®, KitchenAid®, Maytag®, Amana®, and Jenn-Air® brands (collectively "the Whirlpool Marks"). The Whirlpool Marks are protected by the following federal registrations:

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| WHIRLPOOL (word mark) | Reg. No. 4,983,312 | Water filtration and purification units and replacement cartridges and filters therefor for refrigerators |
|  (design mark) | Reg. No. 1,251,511 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 1,670,524 | Refrigerators and freezers |
| WHIRLPOOL (word mark) | Reg. No. 937,550 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 626,550 | Refrigerators |
| KITCHENAID (word mark) | Reg. No. 2,520,284 | Refrigerators; water supply units for dispensing cold |

| | | water and ice from refrigerators |
|---|---|---|
| **KitchenAid**<br><br>(design mark) | Reg. No. 2,520,285 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| KITCHENAID (word mark) | Reg. No. 1,585,507 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 5,370,223 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 2,638,631 | Appliance installation, maintenance, and repair services |
| MAYTAG<br><br>(design mark) | Reg. No. 4,210,316 | Refrigerators |
| AMANA (word mark) | Reg. No. 3,059,004 | Refrigerators, freezers and combination refrigerator/freezers |
| AMANA (word mark) | Reg. No. 3,697,563 | Installation, maintenance and repair of refrigerators, freezers and combination refrigerator/freezers |
| JENN-AIR (word mark) | Reg. No. 1,547,093 | Refrigerators and freezers |
| JENN-AIR (word mark) | Reg. No. 3,710,972 | Installation, maintenance and repair of freezers and refrigerators |

27.     Each of the Whirlpool Marks are valid and protected by one or more federal

registrations that have achieved "incontestable" status, which serves as conclusive evidence of

Whirlpool's ownership of the Marks and its exclusive right to use the Whirlpool Marks in connection with the goods listed in the registrations.[1] *See* 15 U.S.C. §§ 1065, 1115(b).

28.     Whirlpool alleges that Defendants have used and continue to use the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers in sponsored advertisements on third-party internet websites, social media, and search engines that direct consumers to listings for the Accused Products on websites operated by Defendants, including www.clatterans.com, in violation the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and under the common law.

29.     Whirlpool further alleges that Defendants have used and continue to use the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers in product displays and descriptions found on websites operated by Defendants, including www.clatterans.com, in violation of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and under the common law.

30.     Finally, Whirlpool alleges that Defendants have used and continue to use the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers on the packaging and labeling of the Accused Filters in violation the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and under the common law.

31.     Having failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure, this Court accepts Whirlpool's allegations relating to Defendants' violations of Whirlpool's trademark rights under 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and under the common law, as true. *Eisenhour*, 2013 WL 6212725 at *2; Fed. R. Civ. P. 8(b)(6).

---

[1] Registration Nos. 1,251,511; 1,670,524; 937,550; 626,550; 2,520,284; 2,520,285; 1,585,507; 2,638,631; 4,210,316; 3,059,004; 3,697,563; 1,547,093 and 3,710,972 are incontestable.

32.     Defendants' use of the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers in sponsored advertisements on third-party internet websites, social media, and search engines that direct consumers to listings for the Accused Products on websites operated by Defendants, including www.clatterans.com, constitutes a violation of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights.

33.     Defendants' use of the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers in product displays and descriptions found on websites operated by Defendants, including www.clatterans.com, constitutes a violation of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights.

34.     Defendants' use of the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers on the packaging and labeling of the Accused Filters, constitutes a violation of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights.

35.     Whirlpool has presented sufficient evidence to establish that it has suffered an irreparable injury as a result of Defendants' violations of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights, that remedies available at law, such as monetary damages, are inadequate to compensate for its injury, that the balance of hardships between the parties favors a remedy in equity, and that the public interest would not be disserved by a permanent injunction.

34.     Absent a permanent injunction, Defendants' use of the Whirlpool Marks, without Whirlpool's consent, in a manner likely to confuse consumers in sponsored advertisements on third-party internet websites, social media, and search engines that direct consumers to listings for the Accused Products on websites operated by Defendants, including www.clatterans.com; in

product displays and descriptions found on websites operated by Defendants, including www.clatterans.com; and on Defendants' packaging and labeling of the Accused Filters will result in immediate and irreparable injury to Whirlpool in the form of the loss of control over its reputation, a continued loss of market share, and harm to Whirlpool's goodwill and reputation for providing premium products. Furthermore, because Defendants are foreign companies with no apparent domestic presence, it may be difficult or impossible for Whirlpool to collect a monetary judgment against Defendants.

35.     Further, Whirlpool has presented sufficient evidence to establish that absent the entry of a permanent injunction, Defendants will continue their violations of the Lanham Act, 35 U.S.C. §§ 1114, 1125(a), and 1125(c), and Whirlpool's common law trademark rights.

**ENTRY OF JUDGMENT**

Based on these finding and conclusions, the Court enters judgment as follows:

1.     Pursuant to 35 U.S.C. § 284, Whirlpool shall recover from Defendants the amount of $919,706.37 as compensatory damages for Defendants' infringement of the Patents.

2.     Pursuant to 35 U.S.C. § 285, Whirlpool is entitled to recover its reasonable attorney fees. The Court hereby orders that Plaintiffs recover from Defendants the amount of $156,072.50 in attorney's fees.

3.     The Clerk of Court shall tax costs in favor of Whirlpool, as a prevailing party, upon Whirlpool's submission of a bill of costs.

4.     Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) are permanently enjoined from infringing, directly or indirectly, claims 1 and 4 of U.S. Patent No. 7,000,894, by making, using, offering to sell, selling, importing into the

United States, distributing, shipping, or otherwise disposing of Clatterans filter models CL-RF05 and CL-RF27 or any replacement water filters that are not more than colorably different therefrom.

5.      Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) are permanently enjoined from infringing, directly or indirectly, claim 1 of U.S. Patent No. 8,356,716, claim 1 of U.S. Patent No. 8,413,818, claim 1 of U.S. Patent No. 8,591,736, claim 1 of U.S. Patent No. 8,845,896, claim 1 of U.S. Patent No. 9,937,451, and claim 1 of U.S. Patent No. 10,010,820, by making, using, offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of Clatterans filter model CL-Z005 or any replacement water filters that are not more than colorably different therefrom.

6.      Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) are permanently enjoined from:

       a.      In any online product listings or commercial advertisements for non-Whirlpool refrigerator water filters, using any of the Whirlpool Marks or model numbers of genuine Whirlpool filters at the beginning of product titles or product descriptions to name, identify, or otherwise describe such non-Whirlpool refrigerator water filters, including but not limited to such online product listings or commercial advertisements on websites operated by Defendants, including www.clatterans.com;

       b.      In any online product listings or commercial advertisements, including advertising linked to the Clatterans website (www.clatterans.com) or other websites, using any of the Whirlpool Marks to falsely or misleadingly identify or suggest the source of any non-Whirlpool refrigerator water filters, or describe Whirlpool as affiliated with, or sponsoring or approving any non-Whirlpool refrigerator water filters; and

       c.      Submitting product descriptions, commercial advertisements, or web links to product listings for any non-Whirlpool refrigerator water filters to any third-party which: (a) reference one or more of the following patented Whirlpool water filter models: "Whirlpool Filter 1", "EveryDrop Filter 1", "EDR1RXD1", "EDR1RXD2", "EDR1RXD3", "EDR1RXD4",

11

"EDR1RXD5",    "EDR1RXD6",    "W10295370",    "W10295370A", "Whirlpool Filter 2", "EveryDrop Filter 2", "EDR2RXD1", "EDR2RXD2", "EDR2RXD3",    "EDR2RXD4",    "EDR2RXD5",    "EDR2RXD6", "W10413645A", "W10413645", "Whirlpool Filter 3", "EveryDrop Filter 3",    "EDR3RXD1",    "EDR3RXD2",    "EDR3RXD3",    "EDR3RXD4", "EDR3RXD5", "EDR3RXD6", "4396841", or "4396710", to name, identify, or describe such non-Whirlpool refrigerator water filters; or (b) direct online consumers to product listings for non-Whirlpool refrigerator water filters that reference one or more of the following patented Whirlpool water filter models: "Whirlpool Filter 1", "EveryDrop Filter 1", "EDR1RXD1",    "EDR1RXD2",    "EDR1RXD3",    "EDR1RXD4", "EDR1RXD5",    "EDR1RXD6",    "W10295370",    "W10295370A", "Whirlpool Filter 2", "EveryDrop Filter 2", "EDR2RXD1", "EDR2RXD2", "EDR2RXD3",    "EDR2RXD4",    "EDR2RXD5",    "EDR2RXD6", "W10413645A", "W10413645", "Whirlpool Filter 3", "EveryDrop Filter 3",    "EDR3RXD1",    "EDR3RXD2",    "EDR3RXD3",    "EDR3RXD4", "EDR3RXD5", "EDR3RXD6", "4396841", or "4396710".

7.    Defendants and their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) shall immediately and permanently discontinue all advertising links on websites, social media, or search engines that direct to any webpage operated by Defendants (including all webpages with a clatterans.com domain name) that reference (a) one or more of Clatterans filter models CL-RF05, CL-Z005, and CL-RF27 or any colorable variations thereof; and/or (b) one or more of the following model numbers associated with Whirlpool's patented water filter models: "Whirlpool Filter 1", "EveryDrop Filter 1", "EDR1RXD1", "EDR1RXD2", "EDR1RXD3", "EDR1RXD4", "EDR1RXD5", "EDR1RXD6", "W10295370", "W10295370A", "Whirlpool Filter 2", "EveryDrop Filter 2", "EDR2RXD1", "EDR2RXD2", "EDR2RXD3", "EDR2RXD4", "EDR2RXD5", "EDR2RXD6", "W10413645A", "W10413645", "Whirlpool Filter 3", "EveryDrop Filter 3", "EDR3RXD1", "EDR3RXD2", "EDR3RXD3", "EDR3RXD4", "EDR3RXD5", "EDR3RXD6", "4396841", or "4396710".

8.    Defendants Asscon and CSWY, their subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and those in active concert or participation with

them who receive actual notice of this order by personal service or otherwise are ordered to (1)

turn over any existing inventory of Clatterans filter models CL-RF05, CL-Z005, and CLRF27, or

colorable variations thereof, to Whirlpool for destruction within 30 days, or (2) if a party objects

to turning over its inventory to Whirlpool, that party must, within 30 days of receiving notice of

this order, provide a certification to Whirlpool that it is not acting on behalf of, as an independent

contractor for, or otherwise in active concert or participation with the Defendants, or any of their

subsidiaries, successors, assigns, officers, directors, agents, servants, or employees in acquiring

or distributing inventory of Clatterans filter models CL-RF05, CL-Z005, and CLRF27, or

colorable variations thereof. Whirlpool shall hold all inventory obtained hereunder and not

destroy it until the final resolution of this case against CSWY and Asscon, including the

expiration of the time to appeal.

    **So ORDERED and SIGNED this 27th day of April, 2020.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

# EXHIBIT A










