UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BUSERS IMPORTS LLC,<br><br>　　　　Derendants. | CASE NO.: 2:19-cv-00151-JRG |

### CONSENT JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court on the joint motion of Plaintiffs Whirlpool Properties, Inc., Whirlpool Corporation and Maytag Properties, LLC ("Whirlpool"), and Busers Imports, LLC ("Defendant").

**WHEREAS,** Whirlpool and Derendant request this Consent Judgment and Permanent lnjllllction be entered in the above-captioned case ("the Litigation"); and

**WHEREAS,** Whirlpool owns United States Patent Nos. 7,000,894; 8,356,716; 8,413,818; 8,591,736; 8,845,896; 9,937,451; and 10,101,820 (collectively rererred to herein as "the Patents"); and

**WHEREAS,** Whirlpool is the owner of the following United States trademark registrations (collectively "the Whirlpool Marks"):

| MARK | REGISTRATION NO. | RELEVANT GOODS |
|---|---|---|
| WHIRLPOOL (word mark) | Reg. No. 4,983,312 | Water filtration and purification units and replacement cartridges and filters therefor for refrigerators |
| Wh&1 (design mark) | Reg. No. 1,251,511 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 1,670,524 | Refrigerators and freezers |
| WHIRLPOOL (word mark) | Reg. No. 937,550 | Refrigerators |
| WHIRLPOOL (word mark) | Reg. No. 626,550 | Refrigerators |
| KITCHENAID (word mark) | Reg. No. 2,520,284 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| KitchenAid (design mark) | Reg. No. 2,520,285 | Refrigerators; water supply units for dispensing cold water and ice from refrigerators |
| KITCHENAID (word mark) | Reg. No. 1,585,507 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 5,370,223 | Refrigerators |
| MAYTAG (word mark) | Reg. No. 2,638,631 | Appliance installation, maintenance, and repair sefVl.ces |

2

| | Reg. No.4,210,316 | Refrigerators |
|---|---|---|
| (design mark) | | |
| AMANA (word mark) | Reg. No. 3,059,004 | Refrigerators |
| AMANA (word mark) | Reg. No. 3,697,563 | Installation, maintenance, and repair of refrigerators |
| JENN-AIR (word mark) | Reg. No. 1,547,093 | Refrigerators |
| JENN-AIR (word mark) | Reg. No. 3,710,972 | Installation, maintenance, and repair of refrigerators |

**WHEREAS,** for a limited period of time, Defendant provided warehousing and logistics services in the United States for Clatterans replacement water filter models CL-RF05 and CL-RF27 as shown in Exhibit A hereto, and Clatterans replacement water filter model CL-ZOOS as shown in Exhibit B to this hereto;

**WHEREAS,** in the Litigation, Whirlpool alleged that Defendant infringed at least claims 1 and 4 of U.S. Patent No. 7,000,894 lllller 35 U.S.C. § 271 by virtue of Defendant's activity as a warehouse and logistics provider for the replacement water filters shown in Exhibit A; and

**WHEREAS,** in the Litigation, Whirlpool alleged that Defendant infringed at least claim **1** of United States Patent No. 8,356,716; at least claim 1 of United States Patent No. 8,413,818; at least claim 1 of United States Patent No. 8,591,736; at least claim 1 of United States Patent No. 8,845,896; at least claim 1 of United States Patent No. 9,937,451; and at least claim 1 of United States Patent No. 10,101,820 lllller 35 U.S.C. § 271 by virtue of Defendant's activity as a warehouse and logistics provider for the replacement water filters shown in Exlnbit B; and

3

**WHEREAS,** in the Litigation, Whirlpool alleged that Defendant's unauthorized use of the Whirlpool Marks in connection with its alleged distribution activity as a logistics provider for the replacement water filters shown in Exhibits A and B constitutes trademark infringement, false designation of origin, and trademark dilution under 15 U.S.C. §§ 1114, 1125(a), and 1125(c), and common law trademark infringement and unfair competition; and

**WHEREAS,** in the Litigation, Whirlpool alleged it would be irreparably harmed if Defendant is not enjoined from the complained-of activities alleged to infringe the Patents; and

**WHEREAS,** in the Litigation, Whirlpool alleged it would be irreparably harmed if Defendant is not enjoined from the complained-of activities alleged to constitute trademark infringement, false designation or origin, trademark dilution, and common law trademark infringement and unfair competition; and

**WHEREAS,** in the Litigation, Whirlpool requested that this Court enter a permanent injunction enjoining Defendant from the complained-of activities alleged to infringe the Patents; and

**WHEREAS,** in the Litigation, Whirlpool requested that this Court enter a permanent injunction enjoining Defendant from the complained-of activities alleged to constitute trademark infringement, false designation or origin, trademark dilution, and common law trademark infringement and unfair competition; and

**WHEREAS,** Whirlpool and Defendant have reached an agreement to finally settle the Litigation as set forth in this Consent Judgment and Permanent Injunction and a separate Settlement Agreement which is contemporaneously and separately being executed; and

**WHEREAS,** Whirlpool and Defendant acknowledge this Court has subject matter jurisdiction and, further, Defendant consents to personal jurisdiction and venue in the Eastern

District of Texas in the Litigation and fur purposes of entering and enforcing this Consent Judgment and Permanent htjunction and fur enforcing the Settlement Agreement in the future.

**IT IS HEREBY ORDERED, DECREED and ADJUDGED as follows:**

1. This Court has jurisdiction over Whirlpooi Defendant and the subject matter of this Litigation

2. Whirlpool has ownership and standing to sue fur infringement of the Patents.

3. The claims of the Patents are enforceable and not invalid.

4. Whirlpool has ownership and standing to sue fur trademark infringement, :false designation of origin, and trademark dilution relating to the Whirlpool Marks.

5. The Whirlpool Marks are valid and enforceable.

6. Defendant, its officers, agents, servants, employees, associates, attorneys and other persons who are in active concert or participation therewith are hereby permanently enjoined as of the date hereof from infringing the Patents by the manufacture, advertisement, promotion, offer fur sale, sale, importation, distribution, shipment, or :facilitation of the distribution or shipment of the products identified in Exhibits A and B or any colorable variations thereof that also infringe any of the Patents.

7. Defendant, its officers, agents, servants, employees, associates, attorneys and other persons who are in active concert or participation therewith are hereby permanently enjoined as of the date hereof from manufacturing, having manufactured, advertising, promoting, offering fur sale, selling, importing, exporting, distributing, shipping, or :facilitating the distribution or shipment of refrigerator water :fiher cartridges, or any products related thereto, bearing the marks "Whirlpool," "KitchenAid," "Maytag," "Amana" and/or "Jem-Air" or anything confusingly similar thereto.

8. Defendant, its officers, agents, servants, employees, associates, attorneys and other persons who are in active concert or participation therewith are hereby permanently enjoined as of the date hereof from using "Whirlpool," "KitchenAid," "Maytag," "Amana" and/or "Jenn-Air" or any other mark confusingly similar thereto in any manner likely to confuse or deceive consumers in connection with the advertising, promotion, sale, distribution, shipment, or in connection with facilitating the distribution or shipment of refrigerator water filters, or any products related thereto.

9. Defendant, its officers, agents, servants, employees, associates, attorneys and other persons who are in active concert or participation therewith are hereby permanently enjoined as of the date hereof from engaging in any other act that is likely to cause the mistaken belief that goods sold, advertised, promoted, distributed, shipped or caused to by distributed or shipped by Busers Imports originate from or are in any way sponsored by, endorsed by, connected to, associated with, or affiliated with Whirlpool.

10. Defendant, its officers, agents, servants, employees, associates, attorneys and other persons who are in active concert or participation therewith are hereby permanently enjoined as of the date hereof from otherwise competing unfairly with Whirlpool in any manner.

11. This Court shall retain jurisdiction over Whirlpool and Defendant for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction and over any matters related to or arising from the interpretation or enforcement of the Settlement Agreement.

**So ORDERED and SIGNED this 17th day of June, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**AGREED TO:**

By: */s/ Melissa R. Smith*
Melissa R. Smith (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: Melissa@gillamsmithlaw.com

Jeffrey D. Harty (IA AT0003357)
(Admitted Eastern District of Texas)
Allison E. Kerndt (IA AT0002923)
(Admitted in the Eastern District of Texas)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile: (515) 283-3108
Email:   jharty@nyemaster.com
Email   akerndt@nyemaster.com

*Attorneys for Plaintiffs*
**WHIRLPOOL PROPERTIES, INC.,
WHIRLPOOL CORPORATION, AND
MAYTAG PROPERTIES, LLC**


*/s/ Dana M. Campbell*
      Dana M. Campbell
Texas Bar Number 03697980
Kelly Kubasta
Texas Bar Number 24002430
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway, Suite 600
Plano, TX 75093
972-378-9111 (t)
972-378-9115 (f)
dcampbell@fbfk.law
kkubasta@fbfk.law

*Attorneys for Defendant,*
**BUSERS IMPORTS LLC**

# EXHIBIT A









2

# EXHIBIT B





1